UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL ADAM ROYALL,<br><br>                      Plaintiff,<br><br>v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>                      Defendant. | Case No.: 3:25-cv-2577-RSH-DEB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[ECF No. 4] |

Pending before the Court is a motion to dismiss filed by defendant The Sherwin-Williams Co. ("Sherwin-Williams" or "Defendant"). ECF No. 4. Plaintiff Gabriel Adam Royall ("Royall" or "Plaintiff") opposes. ECF No. 7. As set forth below, the Court grants the motion.

**I.    BACKGROUND**

On September 8, 2025, Plaintiff filed this lawsuit pro se in California Superior Court for the County of San Diego. ECF No. 1-3 at 11–16 ("Compl."). The Complaint asserts claims for (1) intentional infliction of emotional distress, (2) negligence, (3) abuse of process, (4) violation of the Americans with Disabilities Act, and (5) fraud. *Id.* at 15. He seeks damages in the amount of $5,000,000. *Id.* at 16.

///

On September 30, 2025, Defendant removed the action to this Court based on diversity of citizenship. ECF No. 1.

On October 1, 2025, Defendant filed a motion to dismiss. ECF No. 4. Plaintiff has filed an opposition and Defendant filed a reply. ECF Nos. 7; 9.

On October 9, 2025, the case was transferred to the undersigned. ECF No. 6.

## II.     LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough facts to provide "fair notice" of both the particular claims being asserted and "the grounds upon which [those claims] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007).

In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A complaint by a plaintiff proceeding pro se is "held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Pro se pleadings are construed liberally. *Id.* Nonetheless, courts may not

"supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). A pro se litigant's pleadings still must meet some minimum threshold in providing the defendants with notice of what it is that they allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

### III.  ANALYSIS

Defendant argues that this lawsuit should be dismissed because it fails to allege facts sufficient to state a claim. The Court agrees.

Plaintiff's causes of action have the following elements.

"A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (citations and internal quotation marks omitted). "A defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* at 1050–51 (internal quotation marks omitted). The defendant's conduct must be "intended to inflict injury or engaged in with the realization that injury will result." *Id.* at 1051.

"In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2); breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003) (citing *Martinez v. Pacific Bell*, 225 Cal. App. 3d 1557 (Ct. App. 1990)).

"The tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed." *Brown v. Kennard*, 94 Cal. App. 4th 40, 44 (Ct. App. 2001). "To succeed in an action for abuse of process, a litigant must establish two elements: that the defendant (1) contemplated an ulterior motive in using the process; and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." *Id.* "A showing of malice, whether express or implied, is

required." *Slaughter v. Legal Process & Courier Serv.*, 162 Cal. App. 3d 1236, 1247 (Ct. App. 1984)). "The gist of the tort is the misuse of the power of the court: It is an act done under the authority of the court for the purpose of perpetrating an injustice, i.e., a perversion of the judicial process to the accomplishment of an improper purpose." *Younger v. Solomon*, 38 Cal. App. 3d 289, 297 (Ct. App. 1974) (emphasis in original). Generally, such an action "lies only where the process is used to obtain an unjustifiable *collateral advantage*." *Id.* (emphasis in original).

To state a claim for violation of Title II of the Americans with Disabilities Act, a plaintiff must allege: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of her disability." *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citation and internal quotation marks omitted).

"The elements of fraud are a misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage." *Gil v. Bank of America, N.A.*, 138 Cal. App. 4th 1371, 1381 (Ct. App. 2006).

Here, the allegations in the Complaint are so vague and generalized that the Court is hard pressed to identify *any* facts that are pleaded in a non-conclusory manner. The Court concludes that the Complaint fails to state a claim.

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Plaintiff has requested leave to amend, but it is clear to the Court that Plaintiff's frivolous pleading cannot be cured by amendment.

This is the *fifth lawsuit* that Plaintiff brought against Defendant in the space of approximately two months, all apparently arising from the same dispute. The Court has

already dismissed three of these lawsuits, all bearing the same caption as the instant lawsuit, for failure to state a claim: Case Nos. 25-cv-1994, 25-cv-2232, 25-cv-2379. As set forth in the Court's dismissal orders, each of the three prior lawsuits has been meritless. It is only by virtue of familiarity with the prior lawsuits that the Court has any sense of to what the present lawsuit *may* relate—for example, the present lawsuit mentions the "boat story" and the "carbon monoxide story," ECF No. 1-3 at 14, apparently referring to an incident discussed in Case Nos. 25-cv-1994 and 25-cv-2379, in which a representative of Defendant told a story that disturbed Plaintiff. The present lawsuit also complains of "repeated mail service," ECF No. 1-3 at 13, apparently referring to an incident discussed in Case No. 25-cv-2232, in which Plaintiff received unwanted legal mail from Defendant. The Complaint in the present lawsuit is less intelligible than these earlier deficient pleadings addressing what appears to be the same dispute. The Court concludes that there is no basis to grant Plaintiff leave to yet another non-meritorious iteration of the same pleading.

### IV.     CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [ECF No. 4] is **GRANTED**. The Complaint is **DISMISSED** without leave to amend. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated:  October 17, 2025

_____
Hon. Robert S. Huie
United States District Judge